SARTAIN, Judge.
This litigation involves a policy of accident and disability insurance issued by Colonial Life & Accident Company (Colonial) to the plaintiff, Wesley Battley. Combined Insurance Company of America was also made a defendant in this suit but was later voluntarily dismissed. Colonial appeals from a judgment of the district court in the amount of $2,000.00. Battley answered the appeal seeking an increase in the award and for the imposition of statutory penalties and attorney fees. We reverse.
Battley claims that he is owed the total disability benefits of the subject policy which are provided for in Part B thereof, as follows:
“PART B
TOTAL DISABILITY
If injuries as described in this Policy are sustained by the Insured and within 20 days from date of accident, independently of all other causes, wholly and continuously disable the Insured from performing any and every duty pertaining to his occupation, the Company will pay for the period of such loss of time, but not exceeding twelve consecutive months, monthly indemnity at the rate of $200.00; and thereafter so long as the Insured is totally disabled and prevented from engaging in any and every occupation or employment for wage or profit, the Company will pay monthly indemnity at the rate of $75.00, but not exceeding a period of ten consecutive years after the first year of continuous disability.”
*491 The petition alleges that on or about June 16,1976, he injured his back while attempting to lift an automatic transmission at his place of employment, New Roads Motor Company, and that as a result of the injuries then sustained he is totally and permanently disabled.
Colonial defends on the grounds that Battley is not disabled within the terms of the policy quoted above or that any disability that may exist did not result from an accident.
The plaintiff states that after lifting an automatic transmission on the date indicated previously, he suffered back pain so severe that he was required to immediately be taken to Dr. James L. Christopher, his family practitioner in New Roads. He also testified that because of the continued pain, he has not worked since that time and is unable to do manual labor of any sort. He is joined in this testimony by his wife. Certain fellow employees were also aware that he complained of a back condition and that he had gone to a doctor with those complaints, but they were uncertain as to when those events took place.
For example: Battley sustained a similar injury in March of 1976 and was out of work for several weeks. It is obvious from the testimony of the witnesses that both incidents were referred to and it is difficult to determine from the record whether a particular witness is referring to the March or June event. This circumstance alone is not fatal to plaintiff’s case. It is understandable that after a lapse of time witnesses’ recollections of specific events and dates may be less than accurate. However, the medical evidence, which consists of the depositions of three doctors who examined or treated Mr. Battley, does not reconcile the conflict as to the dates of the injury or his claim for total permanent disability.
For a number of years preceding the dates Battley claims to have injured himself (March or June of 1976), he was seen and treated by Dr. James Lee Christopher, his family physician. Battley testified that with the exception of a similar occurrence in 1961, he had experienced no previous difficulty with his back. However, Dr. Christopher deposed as follows: He saw Battley in late 1974 (probably October) for a back complaint from raising the hood of an automobile while at work. In November of 1974, he was seen for back complaints occasioned by the lifting of a battery. In November of 1975, he was seen for muscle strain resulting from the lifting of a transmission. In April of 1976, he was examined for a possible knee injury again as a result of lifting a transmission. The examination revealed no knee injury but that Battley was suffering from the gout. On June 5, 1976, there was a followup treatment for gout. All of the above visits were before the alleged injury of June 16, 1976. The doctor had no record of the March, 1976, incident. On July 20, 1976, some four days after the incident of the 16th, Battley came to his office to get some VA forms completed. He voiced no back complaints. He was seen next in August of 1976 for a stomach disorder and on this occasion the doctor had no record of any back disorder. The doctor had no record of any treatment on June 16, 1976, and more particularly, no record of any back difficulty for a period in excess of one year following the alleged incident of June 16, 1976.
In September, 1976, Battley was referred by another insurer to Dr. William L. Fisher, a neurosurgeon. He was periodically examined and followed by Dr. Fisher until February of 1977 and was hospitalized by him during that time for approximately ten days, during which a myelogram was performed and conservative treatment used. All neurological examinations, x-rays, and myelography were normal except for a congenital condition involving a transitional first sacral vertebrae and arthritic changes, neither of which corresponded to the complaints made by the patient. Dr. Fisher did not feel that Battley was a candidate for surgery and could find no objective basis on which to conclude that the plaintiff was hurt at all. Since he seemed unable to resolve Battley’s complaints, he referred him to Dr. John R. Clifford, also a neurosurgeon, for evaluation.
*492 Dr. Clifford’s findings over three examinations coincided with those of Dr. Fisher with the exception of the presence of mild muscle spasms of the back on the first two examinations. He concluded that Battley’s complaints were unjustified and exaggerated, that he was not disabled, and should return to work.
There was also a variance in the history given to each of the three doctors which casts considerable doubt upon whether the plaintiff actually sustained the accident described in his petition. Assuming those allegations to be correct and ascribing these inconsistencies to Battley’s limited education, there is absolutely no medical evidence proving that he was or is wholly or continually disabled from performing his occupational duties or that he was disabled to any degree for any length of time.
We are not favored with either written or oral reasons for judgment from the judge a quo and therefore are unable to determine the basis upon which an award of $2000.00 was made to the plaintiff. For the reasons stated above we can only conclude that any award was manifestly erroneous or “clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied Jan. 1979.
Accordingly, the judgment of the district court is reversed and set aside and judgment is rendered herein in favor of the defendant and against the plaintiff, dismissing plaintiff’s suit at his costs.
REVERSED AND RENDERED.